UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES D. PEASE,

      Petitioner,

v.                                      Case No. 3:15cv68/MCR/CJK

JULIE L. JONES,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 6). Respondent moves to dismiss the petition as moot, or, in the alternative, as unexhausted and for failure to state a claim. (Doc. 16). Respondent has provided relevant portions of the state court record. (*Id.*). Petitioner has not responded, although invited to do so. (*See* Doc. 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the amended petition is moot and should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

On May 12, 2014, petitioner was found guilty of violating two conditions of his sex offender probation imposed in Jefferson County, Florida, Circuit Court Case No. 08-CF-170.  (Doc. 16, Ex. D, p. 3).   The circuit court revoked petitioner's probation and sentenced him to 40 months in the Florida Department of Corrections (DOC) with 420 days of jail credit.  (Doc. 16, Ex. D, p. 3).  Petitioner appealed to the Florida First District Court of Appeal (First DCA).  (Doc. 6, p. 1; Doc. 16, Ex. PD, p. 2).  While petitioner's direct appeal was pending, petitioner initiated this federal habeas proceeding. (Doc. 1).  Petitioner filed an amended petition on March 5, 2015. (Doc. 6).  The amended petition challenges the May 12, 2014 revocation order on the grounds that petitioner was "wronged" at the probation revocation hearing when he was not allowed to testify as to "what went on", and that the violation was technical. (Doc. 6, pp. 5, 6, 8, 10).[1]  As relief, petitioner seeks the following:

> All I want is relief from this so I can go home & move on with my life & take care of my family.  Me & my family have been fighting this for 6 yrs now.  All we want is to be relieved from this for good.  The right thing be done in this case.  If I have to I can finish the probation. I have a mother & wife that needs me for support.  I've been locked up for a year now.  Plz help us get this relief.  I'm asking for the court to give me time served, that is all I ask.  Plz help me & my family on this. They require my support & help for care Sir.  I can finish the 2 months I had left on probation if that's what it takes Sir.  Thank you so much for all you do Sir.

(Doc. 6, p. 14).

---

[1] Although petitioner presents his claim as four separate grounds for relief, all of his grounds say essentially the same thing – that petitioner was "wronged" at his probation revocation hearing when he was not allowed to testify or "tell [his] side of what went on," and that the violation was technical.

The First DCA issued its decision in petitioner's direct appeal on May 1, 2015. *Pease v. State*, 163 So. 3d 743 (Fla. 1st DCA 2015) (copy at Doc. 16, Ex. D, pp. 4-5). The First DCA's decision reads:

> James Pease appeals an order revoking his probation, which was based on the trial court's oral pronouncement that he violated probation in part by having contact with the victim or the victim's family during the period of supervision.  Violation of this condition of probation was not charged in the state's affidavit.  It is fundamental error and a deprivation of Appellant's due process rights to base a revocation of probation on an uncharged violation of a condition of that probation. Smith v. State, 738 So. 2d 433, 435 (Fla. 1st DCA 1999).  Because it is not clear whether the trial court would have revoked Appellant's probation based solely on the charged and proven violation relating to contact with a minor, we reverse the order and remand for further proceedings.  Richardson v. State, 694 Fo. 2d 147, 147 (Fla. 1st DCA 1997).

*Pease*, 163 So. 3d at 743.  The mandate issued May 19, 2015.  (Doc. 16, Ex. D, p. 6).  On June 22, 2015, the Jefferson County Circuit Court held a hearing with petitioner in attendance, resentenced petitioner, and entered a new judgment.  (Doc. 16, Ex. E; *see also* Ex. PD, p. 1).  Pursuant to the June 22, 2015 judgment, petitioner was resentenced to 20 months imprisonment with credit for 420 days time served in the county jail prior to imposition of sentence, with additional credit for time served in state prison prior to resentencing (approximately 14 months), and with an allowance for unforfeited gain time previously awarded.  (*Id.*).

Petitioner was released from incarceration on July 7, 2015, upon expiration of his probation revocation sentence, with no supervision to follow.  (Doc. 16, Ex. F).  On July 8, 2015, respondent filed a motion to dismiss this case on the grounds that:  (1) the petition is moot because the judgment being challenged (the May 12, 2014 order revoking petitioner's probation and sentencing him to 40 months

imprisonment) was superceded by the June 22, 2015 judgment entered on remand; (2) petitioner's claims are not exhausted because the new judgment is not final (at least not at the time respondent filed her motion); and (3) none of petitioner's grounds for relief state a claim, factually or legally, upon which federal habeas relief can be granted.  (Doc. 16).  On July 10, 2015, the court ordered petitioner to respond to the motion within thirty days.  (Doc. 17).  A copy of the order was mailed to petitioner at both his address of record (Blackwater River Correctional Facility) and the address petitioner provided to the DOC upon his release.[2]  (*Id*.).  To date, petitioner has not responded.

MOOTNESS

Article III of the United States Constitution extends federal judicial power only to cases or controversies.  U.S. Const. art. III, § 2, cl. 1.  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).  When the injury for which an appellant seeks judicial redress is resolved or disappears prior to the court's decision, there is no longer an Article III case or controversy, and the case is moot.  *See Burke v. Barnes*, 479 U.S. 361, 363, 107 S. Ct. 734, 93 L. Ed. 2d 732 (1987); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (holding that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the

---

[2]Petitioner has not notified the court of his new address.  The docket still reflects petitioner's institutional address.

effects of the alleged violation); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) ("[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot.").

Petitioner's ultimate objective in bringing this action was to obtain relief from the May 12, 2014 probation revocation order. (Doc. 6). That order was superceded by the new June 22, 2015 judgment. As any relief from this court directed to the May 12, 2014 revocation order would have no effect, the petition must be dismissed as moot.

Even if petitioner's amended § 2254 petition was construed as challenging petitioner's probation revocation judgment entered on June 22, 2015, the petition would still be moot. In circumstances analogous to those here, the Supreme Court held that a habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding. *See Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). The Court held that although it was willing to presume the existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging the validity of a parole revocation. Instead, when a petitioner attacking the termination of his parole status is released from custody during the pendency of the habeas proceeding due to the expiration of his parole revocation sentence, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. *Spencer*, 523 U.S. at 14; *see also Lane v. Williams*, 455 U.S. 624, 631, 102 S. Ct. 1322, 1327, 71

L. Ed. 2d 508 (1982) (refusing to presume "collateral consequences" warranting an exercise of federal habeas jurisdiction where habeas petitioners challenged only their sentences (parole terms), and their sentences expired during the pendency of their habeas appeal to the Sixth Circuit).  The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties.  *Spencer*, 523 U.S. at 14-18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement); *Lane*, 455 U.S. at 632-33 (rejecting, as merely hypothetical, petitioners' assertions that their habeas challenges were not moot because the revocation of parole could be used to their detriment in future parole proceedings should they ever be convicted of other crimes).

Here, petitioner does not attack his original, underlying 2009 conviction for attempted lewd and lascivious conduct entered upon his no contest plea in Case No. 08-CF-170. (*See* Doc. 16, Ex. A, pp. 1-7).  Petitioner challenges only the revocation of his probation.  The incarceration petitioner incurred as a result of the probation revocation is now over, and cannot be undone.  Subsistence of this suit, therefore, requires that petitioner prove continuing "collateral consequences" of the probation revocation.  Petitioner has not identified, and the record does not contain any facts arguably supporting, a finding of a concrete injury-in-fact attributable to petitioner's

probation revocation.

As petitioner has been released from incarceration and no longer suffers an injury-in-fact from the probation revocation necessary to meet Article III's case-or-controversy requirement, this case must be dismissed.  *Spencer, supra*; *Lane*, 455 U.S. at 631 ("Since respondents elected only to attack their sentences (parole term), and since those sentences expired during the course of these proceedings, this case is moot.");  *see also e.g., Stokes v. Sec'y, Fla. Dep't of Corr.*, No. 3:13cv450/MCR/CJK, 2014 WL 1572687 (N.D. Fla. Apr. 17, 2014) (dismissing as moot habeas corpus petition challenging probation revocation sentence where sentence expired during pendency of proceeding); *Denson v. Buss*, No. 4:10cv352/MP/CJK, 2013 WL 5234434 (N.D. Fla. Sept. 17, 2013) (same as to habeas petition challenging probation revocation).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 16) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 6) be DISMISSED as moot.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of October, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.